U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

THE DATE OF ENTRY IS
ON THE COURT'S DOCKET
TAWANA C. MARSHALL, CLERK

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 08-43775-DML-7 |
| RENAISSANCE HOSPITAL – GRAND | § | |
| PRAIRIE, INC. d/b/a RENAISSANCE | § | |
| HOSPITAL – GRAND PRAIRIE, *et al.*, | § | |
|     DEBTORS. | § | |
| | § | |
| JOHN DEE SPICER, CHAPTER 7 TRUSTEE | § | |
|     PLAINTIFF, | § | |
| | § | |
| v. | § | ADVERSARY NO. 10-04190-DML |
| | § | |
| THOMAS R. KONJOYAN, D.O., | § | |
|     DEFENDANT. | § | |

## MEMORANDUM OPINION

On October 18, 2011 and October 28, 2011, came on to be heard the above adversary case where

John Dee Spicer, chapter 7 trustee of the estate of Houston Community Hospital, is Plaintiff and

1

Thomas R. Konjoyan, D.O., is Defendant. The parties appeared individually and through their attorneys. The court, after reviewing the evidence and hearing argument of counsel makes the following findings of fact and conclusions of law. Where appropriate, a finding of fact shall be construed to be a conclusion of law and vice versa.

## JURISDICTION

This Court has jurisdiction over this adversary proceeding pursuant to 11 U.S.C. § 1334 and 28 U.S.C. § 157. The adversary proceeding was filed on September 21, 2010. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## BACKGROUND

The parties entered into a joint pretrial order where many of the facts were stipulated to:

Plaintiff's Amended Complaint asserts the following claims against Defendant:

> In his capacity as chapter 7 trustee of the estate of Houston Community Hospital, Inc. ("HCH") he seeks avoidance of allegedly fraudulent transfers from HCH to Defendant totaling $75,822.20. It is not disputed that all work of Defendant was done as an independent contractor for Renaissance Hospital Groves and that all prior and subsequent payments for such services had been paid by that entity. It is the Trustee's contention that HCH did not ever owe money to Defendant and never received reasonably equivalent value for these transfers.

Plaintiff also requests the award of attorney's fees. Defendant contends that:

> 1. The transfers made to Defendant are not fraudulent transfers under 11 U.S.C. § 548[1] because HCH received reasonable equivalent value in exchange for the payments made to Defendant, as a direct or indirect benefit.
> 2. HCH, and the other Renaissance related debtors, were operated as one economic entity, managed by Renaissance Healthcare Systems, Inc.
> 3. Funds and other economic benefits were transferred back and forth between HCH and the other Renaissance related debtors, who shared a common ownership and a common management. Funds generated from the operation of Groves, and other hospitals, were transferred to HCH. There was a corporate synergy between HCH and the other Renaissance related debtors.
> 4. Defendant is entitled to retain the transfers made, under section 548(c).

---

[1] All sections referred to herein refer to 11 U.S.C §§ 101 *et seq.* (the "Code"), unless otherwise noted.

2

The court also incorporates and adopts as findings the following facts stipulated in the pretrial order, with changes made where appropriate:

### Stipulated and Agreed Facts

**HCH Claims To Avoid Allegedly Fraudulent Transfers:**

1. Defendant received transfers in the form of the following checks drawn from HCH's bank account at Metro Bank (jointly the "Transfers"):

| Vendor Name | Invoice Date | Invoice Amount | Invoice Number | Payment Generation Date | Payment Clear Date | Payment Amount |
|---|---|---|---|---|---|---|
| Thomas R. Konjoyan, D.O. | 7/23/2008 | $27,044.93 | 07/01-07/15/08-1 | 7/23/2008 | 7/25/2008 | $27,044.93 |
| Thomas R. Konjoyan, D.O. | 8/1/2008 | $9,014.98 | 07/01-07/15/08-1 | 8/1/2008 | 8/5/2008 | $9,014.98 |
| Thomas R. Konjoyan, D.O. | 8/7/2008 | $39,762.59 | 07/16-07/31/08-1 | 8/7/2008 | 8/8/2008 | $39,762.59 |
| **Thomas R. Konjoyan, D.O. Total** | $75,822.50 | | | | | |

2. The checks were payable to Defendant and each cleared the bank.
3. The checks were tendered to pay the debts owed to Defendant.
4. HCH did not have a written contract with the Defendant.
5. Defendant's services for which payments were made were services performed at the emergency room at Renaissance Hospital Groves.
6. The Petition Date for the bankruptcy of HCH was August 26, 2009.
7. The Plaintiff was appointed chapter 7 trustee of the estate of HCH on September 23, 2009.
8. Defendant was a creditor of Groves Hospital at the time of these Transfers.
9. On August 21, 2008, Renaissance Hospital-Grand Prairie d/b/a Renaissance Hospital Grand Prairie ("Grand Prairie") and Renaissance Hospital Terrell, Inc. ("Terrell") each filed Chapter 11 voluntary petitions and moved the court for joint administration of their two chapter 11 cases.
10. On August 26, 2008, Renaissance Hospital Dallas, Inc. ("Dallas"); Houston Community Hospital, Inc.; Renaissance Hospital, Inc., d/b/a Renaissance Hospital Groves ("Groves"); and Renaissance Healthcare Systems, Inc. ("RHSI") filed their chapter 11 voluntary petitions.
11. On September 10, 2008, the Court ordered these additional entities' chapter 11 bankruptcy estates to be jointly-administered with Grand Prairie and Terrell.

3

12. On September 23, 2009, the jointly-administered estates, Grand Prairie, Dallas, HCH, Groves, and RHSI (jointly referred to as "the Debtors") were each converted to proceedings under chapter 7, and Plaintiff was appointed the chapter 7 Trustee of each of the Debtors' Estates. The Terrell Hospital had been sold from the Terrell chapter 11 estate prior to conversion of the other cases, pursuant to a confirmed chapter 11 Plan.
13. Defendant provided emergency medical services at Groves.
14. Defendant was paid for his services rendered, both pre-petition and post-petition.
15. Plaintiff filed suit against Defendant on September 21, 2010.

## DISCUSSION

Sections 546 and 548 provide that a trustee can bring a section 548 action (*i.e.* a transaction occurring within 2 years of the filing of the bankruptcy) so long as such action is brought before the later of two years after the order for relief or one year after the appointment of the trustee. The complained of transactions occurred in July and August of 2008. The bankruptcy petition of HCH was filed August 26, 2009. The trustee was appointed on September 23, 2009 and timely filed suit on September 21, 2010, and therefore such suit is not barred by limitations.

Section 548(c) provides that a transferee or obligee "that takes for value and in good faith has a lien on or may retain any interest transferred or may enforce any obligation incurred, as the case may be, to the extent that such transferee or obligee gave value to the debtor in exchange for such transfer or obligation." Plaintiff bears the burden of proof on all elements in a fraudulent transfer action.

If a debtor receives reasonably equivalent value in exchange for the transfer, it is not a fraudulent transfer. Although the minimum quantum necessary to constitute reasonably equivalent value is undecided, a debtor need not collect a dollar-for-dollar equivalent to receive reasonably equivalent value. *Butler Aviation International, Inc. v. Whyte (In re Fairchild Aircraft Corp.)*, 6 F.3d 1119, 1125-1126 (5th Cir. 1993).

The appropriate time to evaluate the value given for a payment is at the time the payment is made. A narrow "realized property" approach to reasonably equivalent value has been

4

rejected. *Id.* at 1127. The recognized test for indirect value is whether the payments or transfers conferred an economic benefit on the debtor. *Id.* Indirect value includes the synergy realized from the joining of two enterprises. *Id.*; *Mellon Bank, N.A. v. Metro Communications, Inc.*, 945 F.2d 635, 647-48 (3d Cir. 1991), *cert. denied*, 503 U.S. 937 (1992). Synergy has been defined as "combined action or operation". *See* WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY OF THE ENGLISH LANGUAGE, UNABRIDGED 2320 (1993). In determining the issue of insolvency, the assets of HCH are to be valued as a "going concern" at the time the transfers took place.

The court previously found at a hearing on September 26, 2011 that HCH was insolvent in July 2008 and August 2008. Defendant was the medical director of Groves and provided emergency room medical services for Groves. He was paid for his services to keep the emergency room open at Groves pre- and post-petition.

The court finds that the $75,822.50 paid to Defendant was not a transfer of money belonging only to HCH at the time of the transfers in question; funds and other economic benefits were transferred back and forth between HCH and the other Renaissance entities, including Groves. They shared common management. Funds generated from the operations of Groves and other Renaissance hospitals were transferred to HCH. There was a corporate synergy between HCH and the other Renaissance entities that constituted a single economic unit managed by HCH. The transfer of funds and economic benefits by and between HCH and the other debtor entities including the transfers in question reflected the existence of the corporate synergy between the debtors. *See In re Fairchild Aircraft Corp.*, 6 F.3d at 1127.

The payments to Defendant allowed Groves to keep open its emergency room, resulting in Groves continuing to be a more valuable asset as an operational hospital and conferring a

benefit on the economic unit and, therefore, also to HCH. Thus, HCH received reasonably equivalent value from such transfer.

For the foregoing reasons, the claims of John Dee Spicer, chapter 7 trustee be and the same are hereby denied.

Additionally, the court finds that Plaintiff's request for attorney's fees should be denied. Plaintiff has not pleaded or shown any legal basis for recovery of attorney's fees herein and further Plaintiff has not been successful in bringing this action.

Court costs are taxed against the trustee, John Dee Spicer.

Signed the ___ of November, 2011.

*[signature]*

Robert C. McGuire
United States Bankruptcy Judge

**# # # # END OF MEMORANDUM OPINION # # # #**